**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Theodore Edward NORRIS,**
**Defendant–Appellant.**

No. 08–10277.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2009.

Filed June 15, 2009.

Celeste Benita Corlett, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Christopher Robert Kilburn, Assistant Federal Public Defender, FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, TASHIMA and BEA, Circuit Judges.

## MEMORANDUM *

Theodore Norris appeals from a jury conviction for possession with intent to distribute 161 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). Norris argues that the government's inquiry, upon cross-examination, into his pre-*Miranda* silence violated his Fifth Amendment right to silence. He also contends the district court's denial of

his request for a "mere presence" jury instruction constitutes reversible error. Finally, he claims cumulative error deprived him of his constitutional right to a fair trial.

■ The parties focus on whether Norris's silence was pre-arrest or post-arrest, but even assuming the silence was post-arrest, this circuit allows prosecutors to use a defendant's post-arrest, pre-*Miranda* silence for impeachment. *United States v. Hernandez,* 476 F.3d 791, 796 (9th Cir.2007); *United States v. Velarde–Gomez,* 269 F.3d 1023, 1029 n. 1 (9th Cir. 2001) (en banc). The prosecution used Norris's silence in this case only for impeachment. The prosecutor did not ask the officers about Norris's silence during the prosecution's case-in-chief. Only after Norris took the stand to testify in his own defense that he had been duped into driving the marijuana-laden truck did the prosecutor cross-examine Norris about why he did not tell this story to the officers when he first saw them. During closing argument, the prosecutor used Norris's responses in cross-examination in order to question Norris's credibility. Because the use of defendant's silence was limited to impeachment purposes, there was no error.

■ Norris also contends the district court erred in refusing to give a "mere presence" jury instruction. This instruction is required only when the government's case is premised on the defendant's presence at the crime. However, "[i]f the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary." *United States v. Negrete–*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzales,* 966 F.2d 1277, 1282 (9th Cir. 1992) (citations omitted). The government's case was based on more than mere presence: Norris was the driver and sole occupant of a truck in which 161 kilograms of marijuana were found in plain view; the officers searched the area and found nobody else nearby. There is no contention the jury was improperly instructed on the elements of the crime of possession with intent to distribute. The jury was adequately instructed as to Norris's theory of the case, with instructions concerning knowledge, intent, and absence of mistake, ignorance, or accident. The district judge therefore did not err by refusing to give the mere presence instruction.

Because there was no error, Norris cannot show there was cumulative error.

**AFFIRMED.**